

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# USA v. Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ross" (2009). *2009 Decisions.* Paper 1480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-1120

———

UNITED STATES OF AMERICA

v.

EDWARD ROSS,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00398)
District Judge: Honorable Gene E. K. Pratter

———

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2009

Before: SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed: April 27, 2009)

____

OPINION

———

SLOVITER, Circuit Judge.

Appellant Edward Ross appeals from his conviction and sentence on ten drug-related and firearms offenses. Because we write only for the benefit of the parties, we include only those facts necessary for our analysis.

**I.**

Ross was indicted for, among other crimes, possession of a firearm in furtherance of a drug trafficking crime (count seven) and possession of a machine gun (count eight), in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. 922(o)(1), respectively. Count seven charged that Ross possessed both a semiautomatic pistol with an obliterated serial number (the semiautomatic pistol) and a different semiautomatic pistol that had been converted to a machine gun (the machine gun). Because count seven charged two guns, the jury was given a special verdict form on which it could find Ross guilty of knowingly possessing the semiautomatic pistol, not guilty of knowingly possessing the semiautomatic pistol, guilty of knowingly possessing the machine gun, and not guilty of knowingly possessing the machine gun. Ross did not object to this form.

When instructing the jury on this count the trial judge told them:

The Government is not required to prove that both firearms were possessed as alleged in Count Seven of the indictment, but only one of them. However, you must unanimously agree that the same means or methods, in other words, the same firearm alleged in Count Seven of the indictment was in fact possessed by Mr. Ross in committing the crime charged in Count Seven. You need not unanimously agree on each means and method, but in order to convict Mr. Ross under Count Seven, you the jury must unanimously agree upon which firearm he possessed in furtherance of the

2

controlled substance offense.  Unless the Government has proven the same means or method to each of you beyond a reasonable doubt you must acquit Mr. Ross of the crime alleged in Count Seven.

App. at 1131.  Ross's attorney did not object to these instructions.  To reinforce the unanimity requirement for the verdict, the trial judge later instructed the jury that "[i]n order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous and it must [be] unanimous in each respect as you go through the verdict form."  App. at 1147-48.  Again Ross did not object.  The jury returned guilty verdicts for, among other charges, possessing both guns on count seven as well as a possessing a machine gun on count eight.

Before sentencing, Ross objected that the jury had not been required to find the type of firearm as an element of the offense in count seven.  The District Court held that the jury had made such a finding and that, regardless, it was also appropriate for the District Court to make that decision as a sentencing factor.

## II.

Ross presents a number of challenges to his sentence, although he admits that most of these challenges would not succeed under the current case law, and are presented solely to preserve the issue for potential Supreme Court review.[1]  Neither of the

---

[1]  We therefore do not address Ross's arguments that his conviction is unconstitutional under *United States v. Lopez*, 514 U.S. 549 (1995); that he should not have been subjected to a statutory increase in his mandatory minimum sentence when the only finding of a prior conviction was made by a judge during

3

remaining two issues was raised in the District Court and we therefore review for plain error.[2]

Ross argues that the 30-year mandatory minimum sentence for a conviction under 18 U.S.C. § 924(c)(1) should not apply to him because, he contends, the District Court did not instruct the jury that they were required to make a unanimous finding that he had possessed the machine gun in order to find him guilty for possession of the machine gun under count seven. He also argues that the District Court erroneously considered the type of firearm to be a sentencing factor that the judge could determine by a preponderance of the evidence at the sentencing.

We reject both arguments. The District Court's instruction as to the need for unanimity was clear.

Ross next argues that 18 U.S.C. § 922(o), which prohibits the possession of machine guns, is unconstitutional after *District of Columbia v. Heller*, --- U.S. ----, 128 S. Ct. 2783 (2008). Ross appears to misunderstand *Heller*. *Heller* was concerned with a statute that prohibited all possession of handguns by the public. *Id.* at 2788. The *Heller* majority focused on the history of gun possession as a means of self-defense, finding that the textual elements of the Second Amendment "guarantee the individual right to possess

sentencing; and that the felon-in-possession statute, 18 U.S.C. § 922(g), is unconstitutional.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. The appeal was timely filed, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

and carry weapons in case of confrontation." *Id.* at 2797. In doing so, the Court was careful to state that it did "not read the Second Amendment to protect the right of citizens to carry arms for *any sort* of confrontation." *Id.* at 2799 (emphasis in original). In a further attempt to limit the effect of *Heller* to the right of law-abiding citizens to possess handguns for self-defense, the Court also cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill" and noted the "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Id.* at 2816-17. Nothing in *Heller* supports Ross's challenge to the constitutionality of a statute criminalizing the possession of a machine gun.

## III.

As the above discussion suggests, we find no error, plain or otherwise, in the decision of the District Court, and will therefore affirm the conviction and sentence.